UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BERNABE ENCARNACION

           Petitioner,

  v.                  9:14-CV-697
                       (GTS/ATB)
MARK L. BRANDT, Superintendent

           Respondent.

---

BERNABE ENCARNACION, Petitioner, pro se
LISA E. FLEISCHMANN, AAG & ALYSON J. GILL, AAG, for the Respondent

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable Glenn T. Suddaby, United States District Judge.

Presently before this court is a petition, seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Petition ("Pet.")) (Dkt. No. 1). Petitioner challenges the denial of his resentencing pursuant to New York's Drug Law Reform Act of 2004 ("2004 DLRA")[1] (L. 2004, ch. 738, § 23). Petitioner moved for resentencing in the Onondaga County Court on March 15, 2009. (State Court Records ("SR")[2] at 79-88) (Dkt. No. 9).

---

[1] New York State passed other DLRAs in 2005 and 2009. Neither subsequent law is relevant to petitioner's application in this case.

[2] The respondent has filed state court records with the answer to the petition. (Dkt. No. 9, 9-1). The pages are numbered with the letters "SR" at the bottom. Petitioner has filed his own copies of the state court records, however, petitioner's copies have only the original appellate record page numbering that is designated only with the letter "R." (Dkt. No. 1-2). The SR pages and the R pages do not always coincide. The court will cite to the records using the respondent's designation SR unless otherwise indicated.

County Court Judge William Walsh heard argument in open court,[3] and denied petitioner's motion for resentencing in a written order, dated April 9, 2009.[4] (R at 57-58). The Appellate Division, Fourth Department denied petitioner's appeal of the County Court's resentencing decision on December 28, 2012, and the New York Court of Appeals denied leave to appeal on March 8, 2013. *People v. Encarnacion*, 101 A.D.3d 1746, 956 N.Y.S.2d 387 (4th Dep't 2012), *lv. denied*, 20 N.Y.3d 1098 (2013).

**I.     BACKGROUND**

On May 8, 1991, petitioner was convicted after a jury trial of two counts of First Degree Criminal Sale of a Controlled Substance ("CSCS") (N.Y. Penal Law § 220.43 (1)); two counts of Second Degree CSCS (N.Y. Penal Law § 220.40(1); and three counts of Second Degree Criminal Possession of a Controlled Substance ("CPCS") (N.Y. Penal Law § 220.18). Petitioner was sentenced to an aggregate term of 27 years to life imprisonment, and his conviction was upheld on appeal. *People v. Encarnacion*, 187 A.D.2d 1007 (4th Dep't 1992), *lv. denied*, 81 N.Y.2d 970 (1993).

In 1996, petitioner filed an application for habeas corpus relief in this court. *Encarnacion v. Walker*, No. 6:96-CV-329 (FJS/GS). In his original application, petitioner raised the following claims – (1) the admission of an audio tape into evidence at trial denied petitioner due process and equal protection; (2) petitioner's trial counsel

---

[3] Respondent has included the transcript of the hearing on the motion for resentencing as part of the state court records. (SR at 1-8).

[4] At the same time, petitioner moved to vacate his original drug conviction pursuant to N.Y. Crim. Proc. Law § 440.10. (SR at 89-100). The motion to vacate is not relevant to the claims he is raising in this application for habeas corpus. Judge Walsh denied the petitioner's motion to vacate in a separate written order. (SR at 59-61).

2

was ineffective; (3) petitioner's appellate counsel was ineffective; (4) petitioner was denied a fair trial due to "massive" pre-trial publicity; (5) prosecutorial misconduct; (6) petitioner's car was improperly searched without a warrant. (Dkt. No 1 in 96-CV-329). The original petition was denied on August 21, 1998. *Encarnacion v. Walker*, No. 6:96-CV-329, 1998 WL 34002608 (N.D.N.Y. Aug. 21, 1998) (Sharpe, M.J.), *adopted*, (N.D.N.Y. Aug. 24, 1999).

On June 22, 2000, the Second Circuit denied petitioner's pro se motion for a certificate of appealability, denying and dismissing his attempt to appeal his original petition for habeas corpus. *Encarnacion v. Walker*, No. 99-2508 (2d Cir. June 22, 2000) (Dkt. No. 32 in 96-CV-329). In 2006, petitioner moved in the Second Circuit for an order authorizing the Northern District of New York to consider a second habeas corpus petition. On August 7, 2006, the Second Circuit denied his request. *Encarnacion v. Walker*, No. 06-3229-op (2d Cir. Aug. 7, 2006) (Dkt. No. 33 in 96-CV-329 – filed NDNY on September 20, 2006).

Petitioner made three more motions in the Second Circuit to file a second or successive petition, challenging his drug convictions. His motions were dated in 2007, 2012, and 2014, and the Second Circuit denied each one. *Encarnacion v. Walker*, No. 07-5269-op (2d Cir. Dec. 21, 2007) (Dkt. No. 34 in 96-CV-329 – filed on February 4, 2008); *Encarnacion v. Walker*, No. 12-1567-op (2d Cir. Apr. 6, 2012) (Dkt. No. 35 in 96-CV-329); *Encarnacion v. Walker*, No. 14-4622 (2d Cir. Feb. 11, 2015) (Dkt. No. 36 in 96-CV-329). On February 15, 2015, in denying petitioner's last motion, the Second Circuit warned petitioner that his continued filing of successive motions based on the

3

same arguments[5] would result in sanctions.

Petitioner has now filed his current petition in the Northern District of New York. In this petition he raises only one claim – he challenges the failure of the trial court to resentence him under the DLRA. Respondent argues for denial of the petition, arguing, inter alia, that this is a second or successive petition, the filing of which is prohibited in this court unless petitioner obtains permission from the Second Circuit. (Dkt. No. 8-1 at 14-16). In the alternative, respondent argues that the petition is untimely, is not cognizable in federal court, is procedurally barred, and is without merit. (*Id.* at 16-28). Petitioner has filed a traverse. (Dkt. No. 11). For the following reasons, this court agrees with all but one of respondent's arguments and will recommend denying and dismissing this petition.

## II.   SUCCESSIVE PETITIONS

### A.   Legal Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA") limited the ability of petitioners to file second or successive petitions for habeas corpus relief. It requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. §§2244(b)(1)-(3). *See* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28

---

[5] Petitioner maintained that his voice was misidentified on an audio-tape. (*Encarnacion v. Walker*, No. 14-4622) (2d Cir. Feb. 11, 2015).

U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4 (c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application."). A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Magwood v. Patterson*, __ U.S. __, 130 S. Ct. 2788, 2796 (2010); *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003).

The AEDPA does not define "second or successive," but the Supreme Court has stated that the phrase does not necessarily refer to "'all § 2254 applications filed second or successively in time[.]'" *Magwood*, 130 S. Ct. at 2796 (quoting *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)). In order to be second or successive, the previous habeas application must have been decided on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (holding that a petition was not successive if the first application was denied for failure to exhaust); *Stewart v. Martinez Villareal*, 523 U.S. 637, 644-45 (1998) (holding that a petition was not successive when the petitioner requested consideration of a previously "unripe" claim).

### B. Application

Petitioner is well-aware of the requirement that he pursue a request in the Second Circuit prior to attempting to file a second or successive petition in this court because, as stated above, he has filed several such requests relative to his conviction in this case. Respondent argues that because petitioner filed his first petition challenging this drug conviction in 1996, the current application is second or successive. Respondent argues

5

that because there was no new "judgment" resentencing petitioner, he is still challenging his original judgment, and the petition is successive.

The court in *Magwood* found that a subsequent petition was not second or successive, basing it's decision on the fact that the petitioner was resentenced after the first petition was decided. 130 S. Ct. at 339. The resentencing created an intervening judgment, and it was Magwood's first application challenging the intervening judgment. *Id.* The court found that where there was a new "judgment" intervening between the two habeas petitions, an application challenging the new judgment is not "second or successive." *Id.* at 341-42. In this case, respondent argues that because petitioner's motion for resentencing was denied, there is no new judgment, and this petition is still challenging the original "judgment," and is therefore, successive.

While respondent's analysis of *Magwood* is correct, is not dispositive of this case. When petitioner filed his original petition for habeas corpus, the 2004 DLRA had not been passed. He could not have challenged the length of his sentence based on a law that was not yet in existence. Thus, at the time that petitioner filed his original application, his sentencing claim was not available. In a case similar to this one, Chief Judge Gary L. Sharpe approved a Report-Recommendation by Magistrate Judge Thérèse Wiley-Dancks, in which the court found that a petition was not second or successive when the sentence calculation claim was not available to petitioner when he filed his original petition.[6] *Soto v. Superintendent*, No. 9:11-CV-223, 2014 WL

---

[6] The court also found that the previous petition had not been decided on the merits. 2014 WL 3819025 at *8. This was further support for the finding that the petition was not second or successive, but either rationale would have survived on its own.

3819025, at *6-8 (N.D.N.Y. Aug. 4, 2014) (adopting Rep. Rec.), *appeal dismissed*, No. 14-3282 (2d Cir. Dec. 17, 2014). In *Soto*, the court distinguished *Adams v. Corcoran*, 416 F. App'x 84 (2d Cir. 2011) in which the petitioner challenged the consecutive nature of his sentences, and the court found that a second petition was successive because "he could have challenged DOCS' calculation of his sentence in his first habeas petition, which was filed seven years after the date the DOCS made its decision." *Id.* (citing 416 F. App'x at 85).

In this petition, as in *Soto*, the petitioner could not have challenged the length of his drug sentence because the claim was not available to him when he filed his first petition. *Accord In re: Curtis Jones*, 652 F.3d 603, 605-606 (6th Cir. 2010) (petitioner filed two prior habeas petitions, but in the third petition, he raised a claim based on changes made to Michigan's parole review procedures which took effect two years *after* the petitioner filed his original petition, and the court found that the petition was not second or successive because "the events giving rise to his claim had not yet occurred"). Thus, this court finds that petitioner's application to this court is not second or successive.

Petitioner's frequent attempts to file a request for a second and successive petition do not affect this court's decision. In petitioner's multiple applications to the Second Circuit, he has attempted to raise claims that were raised and considered in his original application. The Second Circuit has justifiably warned petitioner to stop filing abusive applications. However, because the claim that he has brought in this petition is not second or successive, it would not have been included in any of the applications he

7

filed in the Second Circuit. Because petitioner's application is not second or successive, the court has jurisdiction to consider the other arguments made by respondent for dismissal.

## III. STATUTE OF LIMITATIONS

### A. Legal Standards

Pursuant to The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244 (d)(2).

### B. Application

8

In this case, section 2244(d)(1)(D) would be the appropriate section by which to determine the date from which the statute of limitations began to run. Petitioner would have been aware of any potential constitutional violation associated with his motion for resentencing when the trial court denied the motion. Judge Walsh denied petitioner's motion on April 9, 2009. Thus, the statute of limitations for a claim relating to the resentencing would have started to run on April 9, 2009, and would have been tolled by petitioner's appeals. 28 U.S.C. § 2244(d)(2).

Petitioner appealed Judge Walsh's denial to the Appellate Division, Fourth Department, which denied petitioner's appeal on December 28, 2012. Petitioner was represented by counsel from the Hiscock Legal Aid Society on his appeal. (SR at 23). The New York Court of Appeals denied leave to appeal on March 8, 2013. One year from March 8, 2013 is March 8, 2014.[7] Petitioner's affidavit of service for this petition is dated June 5, 2014[8] (Dkt. No. 1-1), and the petition was filed on June 11, 2014. (Dkt. No. 1). Even if the date of filing is considered to be June 5, 2014, petitioner is almost three months late in filing this petition for habeas relief.[9] The petition is untimely.

---

[7] As respondent points out, petitioner is not entitled to the extra time that it would have taken him to appeal to the United States Supreme Court because that time is added only when the statute is being calculated pursuant to 28 U.S.C. § 2244(d)(1)(A) in the case of a "final judgment."

[8] The Supreme Court has held that an inmate's papers may be deemed "filed" at the moment of delivery to prison authorities for forwarding to the district court. *Houston v. Lack*, 487 U.S. 266 (1988). This rule became known as the "prison mailbox rule," and has been applied to inmates filing complaints for purposes of the statute of limitations. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), modified on other grounds, 25 F.3d 81 (2d Cir. 1994).

[9] The court notes that the date on which the statute of limitations started running might be even sooner than the March 8, 2013 date that the New York Court of Appeals denied leave to appeal. In *People v. Lovett*, 25 N.Y.3d 1088 (2015), the New York Court of Appeals held that "no appeal lies from an order of the Appellate Division affirming the denial of a resentencing application under the 2004 DLRA (*see People v. Sevencan*, 12 N.Y.3d 388, 389 [2009] [dismissal of criminal leave

9

This court also finds that petitioner is not entitled to equitable tolling, which is only available in "appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). In the Second Circuit, "[e]quitable tolling applies only in the 'rare and exceptional circumstance[].'" *Smith*, 208 F. 3d at 17. Furthermore, petitioner must show "that extraordinary circumstances prevented him from filing his petition on time." *Id*. (citing *Johnson v. Nyack Hosp*. 86 F.3d 8, 12 (2d Cir. 1996)). Under *Johnson*, the party seeking equitable tolling "must have acted with *reasonable diligence* throughout the period he seeks to toll." *Id*.

In this case, there is no support for finding equitable tolling. Petitioner has been aware of his sentencing claim since the DLRA was passed and yet, waited until 2009 to move for resentencing. Petitioner has not proceeded with due diligence. Instead of pursuing his sentencing claim diligently, petitioner was filing multiple motions in the Second Circuit requesting permission to file a second and successive petition, challenging issues that were decided in the original petition and becoming an abusive filer. Thus, there is no reason to equitably toll the statute of limitations, and this petition may be dismissed as untimely. There are also additional alternative bases for dismissal of this petition that the court will discuss below.

---

application authorized for publication by the Court]." *Id.* A state court proceeding acts to toll the statute of limitations if it is "properly filed." 28 U.S.C. § 2244(d)(2). An appeal is not "properly filed" if no appeal is available. Thus, the statute of limitations in this case may have started to run after the Appellate Division denied petitioner's appeal on December 28, 2012. The statute would have run on December 28, 2013. However, even if the court gives the petitioner every benefit of the doubt, his claims are time-barred.

## IV. SENTENCING

### A. Legal Standards

#### 1. Excessive Sentence

An excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). A petitioner's claim that the sentencing judge abused his discretion in his or her sentencing decision is generally not a federal claim that is subject to review by habeas corpus. *Fielding v. LeFevre*, 548 F.2d 1102, 1109 (2d Cir. 1977) (finding no cognizable federal claim when petitioner alleged that the state judge abused his sentencing discretion). In order to raise a constitutional claim, a petitioner must show that the trial court's sentencing decision amounted to an improper "arbitrary or capricious abuse of discretion" that deprived the petitioner of his liberty. *Herrera v. Artuz*, 171 F. Supp. 2d 146, 151 (S.D.N.Y. 2001). The imposition of consecutive sentences violates the Eighth Amendment "'only under extraordinary circumstances.'" *Id.* (quoting *Salcedo v. Artuz*, 107 F. Supp. 2d 405, 414 (S.D.N.Y. 2000)).

#### 2. Exhaustion

To the extent that petitioner now seeks to raise an Eighth Amendment claim regarding the trial court's failure to resentence him under the DLRA, it is unclear that petitioner exhausted his state court remedies in bringing such a claim. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, . . . thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing

11

*Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal quotation and other citations omitted)); 28 U.S.C. § 2254(b)(1). The prisoner must "fairly present" his claim in each appropriate state court, including the highest court with powers of discretionary review, thereby alerting that court to the federal nature of the claim. *Id.*; *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994).

"A habeas petitioner has a number of ways to fairly present a claim in state court without citing 'chapter and verse' of the Constitution, including '(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.'" *Hernandez v. Conway*, 485 F. Supp. 2d 266, 273 (W.D.N.Y. 2007) (quoting *Daye v. Attorney General*, 696 F.2d 186, 194 (2d Cir.1982)).

### 3. Procedural Default

A federal judge may not issue a writ of habeas corpus if an adequate and independent state-law ground justifies the prisoner's detention, regardless of the federal claim. *See Wainwright v. Sykes*, 433 U.S. 72, 81-85 (1977). A federal habeas court generally will not consider a federal issue if the last state court decision to address the issue "'rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Garvey v. Duncan*, 485 F.3d 709, 713 (2d Cir. 2007) (quoting *Lee v. Kemna*, 534 U.S. 362, 375 (2002)) (emphasis added). This rule applies whether the independent state law ground is substantive or procedural. *Id*.

In addition, if the court finds that petitioner has failed to exhaust his claims, and he cannot return to state court, petitioner's claims would then be "deemed" exhausted, but would be barred by procedural default. *Bossett v. Walker*, 41 F.3d 825, 828-29 (2d Cir. 1994). A state prisoner who has procedurally defaulted on a federal claim in state court may only obtain federal habeas review of that claim if he can show both cause for the default and actual prejudice resulting from the alleged violation of federal law, or if he can show that he is "actually innocent."[10] *Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008) (internal quotation and citations omitted). "Cause" exists if "the prisoner can show that some objective factor external to the defense impeded counsel's effort to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice exists if there is a "reasonable probability" that the result of the proceeding would have been different absent the alleged constitutional violation. *Stickler v. Greene*, 527 U.S. 263, 289 (1999).

### 4. Antiterrorism and Effective Death Penalty Act - Merits

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that, when a state court has adjudicated the merits of a petitioner's claim, a federal court may grant an application for a writ of habeas corpus only if "the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[10] A showing of "actual innocence" is not available to defeat procedural default in this case because petitioner challenges only his sentencing and not his conviction.

13

proceeding." 28 U.S.C. § 2254(d). *See also, e.g.*, *Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir. 2001); *Brown v. Alexander*, 543 F.3d 94, 100 (2d Cir. 2008).[11] This is a "difficult to meet," and "highly deferential standard for evaluating state-court rulings, which demands that state court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, __ U.S. __, __, 131 S. Ct. 1388, 1398 (2011) (citations omitted).

Under section 2254(d)(1), a state-court decision is contrary to clearly established Supreme Court precedent if its "conclusion on a question of law is 'opposite' to that of the Supreme Court or if the state court decides a case differently than the Supreme Court's decision 'on a set of materially indistinguishable facts.'" *Id*. (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). A state court decision involves an unreasonable application of clearly established Supreme Court precedent if it correctly identifies the governing legal principle, but unreasonably applies or unreasonably refuses to extend that principle to the facts of a particular case. *See Williams*, 529 U.S. at 413; *Ramdass v. Angelone*, 530 U.S. 156, 166 (2000).

Under the AEDPA, a state court's factual findings are presumed correct, unless that presumption is rebutted by clear and convincing evidence. 28 U.S.C. § 2254 (e)(1). If the state court failed to decide a claim "on the merits," the pre-AEDPA standard of review applies, and both questions of law and mixed questions of law and fact are reviewed *de novo*. *Washington v. Shriver*, 255 F.3d 45, 55 (2d Cir. 2001).

---

[11] Prior to the AEDPA, the court was not required to defer to state court determinations on pure questions of law and mixed questions of law and fact. *Thompson v. Keohane*, 516 U.S. 99, 107-113 (1995). When presented with these questions, the court was empowered to conduct an independent review of the record. *Id*.

14

### B. Application

#### 1. Interpretation of DLRA

In this case, petitioner alleges that Judge Walsh abused his discretion in determining that petitioner was not a "proper candidate" for resentencing under the DLRA. Petitioner states that Judge Walsh also erred in failing to afford petitioner a "hearing" and in considering only one factor in making his determination. It has been specifically held that claims based on the DLRA are not cognizable on federal habeas review. *See Rivera v. New York*, No. 11-CV-6185, 2012 WL 1342988, at *4 (W.D.N.Y. Apr. 18, 2012) (finding that petitioner's resentencing claim under the DLRA was purely a state law issue and not the province of the federal court to consider) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); *Edell v. James*, No. 08-CV-2422, 2010 WL 3199682, at *2-3 (E.D.N.Y. Aug. 11, 2010) (eligibility for resentencing under the DLRA not the province of the federal court). To the extent that petitioner claims that the County Court judge did not properly follow the requirements of the DLRA, petitioner raises only a state law claim that this court cannot consider.

#### 2. Eighth Amendment – Exhaustion/Procedural Default

In petitioner's brief to the Appellate Division, counsel understandably focused upon the DLRA and its requirements, arguing that by denying resentencing based "only on one factor," the state court judge abused his discretion and "failed to follow the [DLRA] standard that the motion be denied only where substantial justice dictates it." (SR at 17). However, petitioner's counsel did claim that to find one factor "dispositive without any indication on the record that the court considered any other factors

*demonstrated a complete failure to exercise discretion.*" (*Id.*) Finally, petitioner's counsel stated that the sentence was "excessive . . . pursuant to a sentencing scheme that the Legislature has since deemed inordinately harsh and severe."

While it is questionable that these assertions would qualify as exhausting an Eighth Amendment constitutional challenge to the actual denial of resentencing, by raising the claim "in terms so particular" that it automatically brings to mind a right protected by the federal constitution, this court will assume for purposes of the report that petitioner did exhaust his state court remedies by raising the issue of the "complete failure to exercise discretion" and the "excessive" nature of the sentence based on a statutory scheme that the New York Legislature found to be excessive when it passed various DLRA laws in 2004, 2005 and 2009. This would apply only to the actual denial of resentencing as opposed to petitioner's second claim that the trial court failed to grant petitioner a "hearing."

With respect to petitioner's "hearing" claim, a review of the Appellate Division's decision in this case shows that the claim is procedurally barred in any event. The Appellate Division specifically stated that "[d]efendant failed to preserve for our review his contention that the County Court erred in failing to hold an evidentiary hearing inasmuch as he did not request such a hearing.[12] (SR at 216). In the alternative, the court found that petitioner's claim lacked merit. (*Id.*) A failure to preserve an issue

---

[12] The court notes that the result in this case would be the same whether the court found that petitioner failed to exhaust his remedies and was procedurally barred from bringing his sentencing claim; whether petitioner failed to exhaust his remedies and the court decided to address the merits in any event under 28 U.S.C. § 2254(b)(2), or whether the court found that petitioner exhausted his claims and decided his claims on the merits.

16

specifically asserts a procedural default.

Petitioner has demonstrated no cause for his failure to specifically request a hearing, and there is also no prejudice as a result. As stated above, petitioner cannot claim actual innocence because this is a sentencing claim that does not reflect upon his guilt or innocence of the drug charges. Thus, petitioner's claim that the County Court failed to afford him a proper evidentiary hearing is barred by procedural default.[13] The court will proceed to consider the actual challenge to the denial of resentencing, assuming that petitioner actually exhausted the claim.

### 3. Eighth Amendment – Merits

The Eighth Amendment forbids only extreme sentences which are "grossly disproportionate" to the crime of conviction. *See Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003); *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991) (citations omitted). In 2004, the New York Legislature enacted the DLRA "to ameliorate the harsh sentencing provisions of the Rockefeller Drug Laws" by inter alia, permitting non-violent felony drug offenders convicted of class A-1 offenses prior to the date of the DLRA's enactment to re-apply for determinate sentences. *See* DLRA, ch. 738, § 23, 2004 N.Y. Sess. Laws 1474-75; *People v. Pauly*, 21 A.D.3d 595, 799 N.Y.S.2d 841,

---

[13] In any event, as is quite clear from the record, petitioner simply disputes the definition of "hearing. As the Appellate Division found, "[d]efendant appeared with defense counsel before the court on the resentencing application, and defense counsel 'explained to the court why resentencing was warranted.'" (SR at 216). The County Court also gave petitioner the opportunity to address the court directly on his application for resentencing. "Under those circumstances, 'the hearing requirement of [DLRA-1] was met." (*Id.*) (citation omitted). The Appellate Division found that petitioner was afforded a sufficient "hearing" under the statute. This finding is based upon the transcript of the resentencing proceeding. This court agrees that petitioner's hearing claim is without merit.

843 (3d Dep't 2005).

Petitioner's original sentence on the drug charges was 27 years to life imprisonment. On March 15, 2009, petitioner moved for re-sentencing under the 2004 DLRA. The DLRA gave defendants the opportunity to request resentencing, but did not mandate resentencing in every case. The judge retained the discretion to determine whether "substantial justice dictates that the application should be denied." *People v. Rivers*, 43 A.D.2d 1247, 842 N.Y.S.2d 611 (3d Dep't 2007). The DLRA provides that in making his or her determination on a defendant's application for resentencing, the judge may consider the applicants institutional record. *Id.*

In this petitioner's case, five years after his drug conviction, he was convicted of second degree murder and promoting prison contraband for stabbing a fellow inmate to death. Petitioner was sentenced to a consecutive term of imprisonment of 40 years to life for the murder, and the conviction was affirmed on appeal. Judge Walsh decided that the intervening conviction, which was part of petitioner's "institutional record" was a sufficient reason in itself[14] for determining that "the interests of justice" dictated denial of petitioner's application. (SR at 2-3, 58). The Appellate Division agreed and noted that the purpose of the various DLRAs was to grant relief from the inordinately harsh punishment for "low level *non violent* drug offenders." *People v. Encarnacion*, 101 A.D.3d at 1747. The Appellate Division stated that "based upon defendant's conduct in prison, it is evident that he is not such an offender." *Id.* Although petitioner argued in his brief to the Appellate Division that the judge should not have based the

---

[14] At the hearing, Judge Walsh stated that petitioner's murder and contraband conviction was "absolutely dispositive of the issue." (SR at 3).

18

denial on this one conviction, murder in the second degree is a serious charge, and does not support a finding that petitioner is non-violent (although the violence was not in connection with the original drug charges).

At the resentencing hearing, Judge Walsh asked the petitioner to comment through his interpreter, but petitioner wished to discuss his contemporaneous section 440.10 motion to vacate the drug convictions. (SR at 6). Petitioner also complained that the trial court did not take into consideration his achievements while incarcerated, such as his occupational training certificate and his GED. However, a review of the hearing transcript shows that the court accepted both certificates as evidence, but both were obtained prior to the murder and did not outweigh the effect of that conviction. (SR at 4-5).

The fact that the murder sentence is consecutive to the drug-related sentences is not unconstitutional,[15] even though petitioner argues that he has already been "punished" for the murder conviction, including receiving a lengthy disciplinary sentence in the special housing unit of the prison. While the drug sentence is lengthy, there is no indication that the failure to resentence petitioner in the drug case makes his sentence disproportionate to the crimes charged. Petitioner is not challenging his murder sentence.[16] The "grossly disproportionate" principle applies only in the "rare

---

[15] The imposition of consecutive sentences only violates the Eight Amendment under extraordinary circumstances. *Salcedo v. Artus*, 107 F. Supp. 2d 405, 414 (S.D.N.Y. 2000) (citations omitted).

[16] In his traverse, petitioner does discuss the merits of his murder and his drug convictions, and even states that he was "framed" in the murder case. (Dkt. No. 11 at 3-8). However, it appears that petitioner is attempting to state that Judge Walsh should have taken these facts into consideration during the resentencing. Petitioner states that "[a]ll of the above records or information was available

and extreme" case.[17] *Lockyer*, 538 U.S. 63 at 73-77. Given the petitioner's murder conviction, this was not one of those rare cases, and the Appellate Division did not act contrary to Supreme Court precedent in finding that substantial justice dictated denying the petitioner's motion for resentencing.[18]

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED**, and it is further

**RECOMMENDED**, that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: July 28, 2015

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

to the hearing court at the time of the re-sentencing. (*Id.* at 9).

[17] An example where the Supreme court found in a pre-AEDPA that a sentence was disproportionate was *Solem v. Helm*, 463 U.S. 277 (1983). In *Solem*, the defendant received a life sentence without possibility of parole for the crime of uttering a "no account" check for $100.

[18] To the extent that petitioner alleges an "equal protection" violation, he never raised an equal protection claim in his state court proceedings, rendering it unexhausted and procedurally defaulted. In any event, in order to state an equal protection violation, petitioner would have to allege that he was treated differently than other similarly situated inmates. He makes no such allegations.