UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BERNABE ENCARNACION,

                          Petitioner,

v.                                                               9:14-CV-0697
                                                                  (GTS/ATB)

MARK L. BRADT, Superintendent
Attica Correctional Facility,

                          Respondent.
_____

APPEARANCES:                                               OF COUNSEL:

BERNABE ENCARNACION, 91-B-0943
  Petitioner, *Pro Se*
Attica Correctional Facility
Box 149
Attica, New York 14011

HON. ERIC T. SCHNEIDERMAN                       LISA E. FLEISCHMANN, ESQ.
Attorney General for the State of New York        Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

HON. GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *habeas corpus* proceeding filed *pro se* by Bernabe Encarnacion ("Petitioner") against Attica Correctional Facility Superintendent Mark L. Brandt ("Respondent") pursuant to 28 U.S.C. § 2254, are (1) the Report-Recommendation of United States Magistrate Judge Andrew T. Baxter recommending that the Petition be denied and dismissed, and that a certificate of appealability not issue, (2) Respondent's Objection to the Report-Recommendation, and (3) Petitioner's Objections to the Report-Recommendation. (Dkt. Nos. 12, 13, 14.) For the reasons set forth below, Magistrate Judge Baxter's Report-Recommendation is accepted and adopted.

## I. RELEVANT BACKGROUND

### A. Petitioner's Conviction

For the sake of brevity, the Court will not repeat the factual background of Petitioner's 1991 conviction on two counts of first degree sale of a controlled substance, two counts of second degree sale of a controlled substance, and three counts of second degree criminal possession of a controlled substance but will simply refer the parties to the relevant portions of Magistrate Judge Baxter's Report-Recommendation, which accurately recite that factual background. (Dkt. No. 12, at Part I.)

### B. Petitioner's Petition

Generally, in his Petition, Petitioner asserts that by failing to resentence him under the 2004 Drug Law Reform Act ("DLRA"), the trial court violated his equal protection and due process rights under the Sixth and Fourteenth Amendments. (Dkt. No. 1, at Points I and II.)

### C. Magistrate Judge Baxter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Baxter rejects Respondent's argument that Petitioner's Petition is prohibited as a second or successive petition (which he has not obtained permission to file from the Second Circuit), but accepts Respondent's alternative arguments that the Petition is untimely, is not cognizable in federal court, is procedurally barred, and is without merit. (Dkt. No. 12, at Parts II-IV.)

### D. Respondent's Objection to the Report-Recommendation

Generally, in his Objection, Respondent challenges that portion of the Report-Recommendation which rejects the first of Respondent's five arguments for the denial of the Petition, i.e., that the Petition is prohibited as a second or successive petition (which Petitioner

has not obtained permission to file from the Second Circuit). (Dkt. No. 13.) More specifically, Respondent argues that "the dispositive factor here is whether the second petition challenges a judgment [which Petitioner's Petition does not], not whether this state-law claim was available to petitioner when he filed his original petition." (*Id*. at 1-2.)

### E. Petitioner's Objections to the Report-Recommendation

Generally, in his Objections, Petitioner challenges those portions of the Report-Recommendation which accept the second and five of Respondent's arguments for the denial of the Petition, i.e., that the Petition is untimely and without merit. (Dkt. No. 14.) In addition, the Objections repeat Petitioner's previously asserted responses to the third and fourth of Respondent's arguments for the denial of the Petition, i.e., that the Petition is not cognizable in federal court and is procedurally barred. (*Compare* Dkt. No. 14, at 3-4, 12 *with* Dkt. No. 8, at 14-17.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

---

2   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Review of Petitioner's *Habeas* Petition Pursuant to 28 U.S.C. § 2244

Magistrate Judge Baxter has recited the legal standard governing review of Petitioner's

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

*habeas* petition pursuant to 28 U.S.C. § 2244. (Dkt. No. 12 at Part II.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for review of the parties.

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no error in those portions of the Report-Recommendation to which Petitioner has specifically objected, and no clear error in the remaining portions of the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 12.)[5] As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (*Id*.) Because adequate grounds exists on which to base a denial and dismissal of Petitioner's Petition, the Court need not, and does not, reach the merits of Respondent's Objection to that portion of the Report-Recommendation rejecting Respondent's argument that Petitioner's Petition is prohibited as a second or successive petition (which argument served merely as an alternative basis for the denial and dismissal of the Petition).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 12) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Petition (Dkt. No. 1) is **DENIED** and **DISMISSED**; and it is further

---

[5] In the alternative, that remaining portion of the Report-Recommendation survive a *de novo* review.

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: November 12, 2015
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief, U.S. District Judge